UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br>**CHARLES CLAYTON ROBUCK, JR**,<br>　　　　　Debtor. | Case No. **05-60572-7** |
| **JODY ROBUCK**,<br>　　　　　Plaintiff.<br>-vs-<br>**CHARLES CLAYTON ROBUCK, JR**,<br>　　　　　Defendant. | Adv No. **07-00028** |

**MEMORANDUM  OF  DECISION**

At Butte in said District this 12th day of October, 2007.

Plaintiff filed this adversary proceeding on April 11, 2007 alleging that in Debtor's no asset, no bar date bankruptcy case, Case No. 05-60572, filed March 11, 2005, she was not scheduled as a creditor, that as an unlisted creditor she did not have the opportunity to file an adversary proceeding within the required time period to determine the dischargeability of a property settlement debt owing to Plaintiff, and that as a consequence such debt should be nondischargeable.

Plaintiff filed a motion for partial summary judgment on August 7, 2007, together with an accompanying brief containing a general statement of facts. Defendant filed a response to

Plaintiff's motion for partial summary judgment on August 16, 2007, containing his statement of genuine issues, together with a brief and requested a hearing on September 18, 2007, in Billings. At the scheduled hearing Plaintiff, through counsel, Craig D. Martinson, of Billings, Montana, and Defendant, through counsel, Joanne M. Briese, of Billings, Montana, indicated that they wished to submit the motion and response to the Court without further argument or presentation of evidence. The motion and the response have been under advisement and the motion is now ready for a decision. This memorandum contains the Court's findings of fact and conclusions of law.

## FACTS

Plaintiff provided the following general statement of facts.

> The individuals Jody Robuck and Charles Clayton Robuck, Jr. were once married. This marriage was terminated by a divorce decree dated July 2, 2003. Per the terms of the Settlement Agreement signed by both Charles Clayton Robuck, Jr. ( Debtor) and Jody Robuck (Plaintiff), that was adopted by and incorporated in and to the Decree that terminated this marriage, the Debtor agreed to be responsible for the following obligations:
>
> > All joint debt including, but not limited to, the American Express
> >     Credit Card
> > Account and Capital One Credit Card Account
> > Debt owing to Rocky Mountain Collections
> > Debt owing to Deaconess Billings Medical Center
> > Debt to Household Auto Finance
> > Any other joint debt not specifically named herein
> > Any other debt incurred by Clayton in his name only.
>
> Then on March 11, 2005 the Debtor filed a chapter 7 bankruptcy. This was a no asset case in which there was no bar date. After the discharge was entered, the case was closed. The Plaintiff was not listed in the schedules and for purposes of this motion only, it is to be assumed that she did not have actual knowledge of the bankruptcy until after the case was closed. This attorney realizes that this is a fact question, but is making this assumption only for this motion and in no way intends for this be held as an agreed fact that binds the Debtor if this Plaintiff

prevails in the legal issue presented herein.

Subsequent to the closing of the above captioned bankruptcy proceeding, this Plaintiff moved to have this bankruptcy reopened. Upon it being reopened, she filed this adversary action to determine whether or not any claim she may have against the Debtor by reason of certain debts that he assumed in the prior divorce was discharged. The Plaintiff based this discharge claim upon 11 U.S.C. §523(a)(15) of the bankruptcy code in effect prior to October 25, 2005.

Defendant provides the following statement of genuine issues.

1. The provisions of 11 U.S.C. 523(a)(3)(B) provide no authority which allows Plaintiff to pursue her complaint against Defendant under 11 U.S.C. 523(a)(15);

2. Defendant's discharge was entered on 28 June 2005 under 11 U.S.C. 727 and Plaintiff's Complaint was not filed within the 60 day time limitation recited in Rule 4004.

3. Plaintiff has not stated a claim against Defendant upon which relief can be granted;

4. There is a disputed factual issue regarding constructive notice to Plaintiff;

5. There is a disputed factual issue regarding whether Defendant's Chapter 7 discharge results in a benefit to Defendant that outweighs the detrimental consequences to Plaintiff.

## CONTENTIONS

Plaintiff in her motion for partial summary judgment raises the following issue: "That as a matter of law a divorced spouse who did not have actual or constructive knowledge of the previous spouses' (sic) bankruptcy may proceed with an objection to discharge under 11 U.S.C. §523(a)(15) after the time limitation stated in Rule 4004 Bankruptcy Rules in a bankruptcy proceeding where there was no bar date." Plaintiff has requested solely for purposes of her motion that the Court conclude that Plaintiff had no notice or actual knowledge of Defendant's bankruptcy case.

Defendant in his response contends that Plaintiff is precluded from pursuing this adversary proceeding for determining an exception to the dischargeability of a debt as 11 U.S.C. § 523(a)(3)(B) provides no authority for Plaintiff to pursue her complaint under 11 U.S.C. § 523(a)(15).

## SUMMARY JUDGMENT

Summary judgment is governed by FED. R. BANKR. P. 7056.  Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).  The manner in which this burden is proven depends on which party has the burden on a particular claim or defense at the time of trial.

> If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial. Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery.  If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways. First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) (Brennan dissent) (citations omitted). *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding summary judgment).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. However, "[d]isputes over irrelevant or unnecessary facts will not preclude a

5

grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *Id*.

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631.

Because Defendant only raises issues of fact as they relate to his arguments regarding whether Plaintiff had notice or knowledge of him filing a bankruptcy case and whether Defendant's discharge results in a benefit to him that outweighs the detrimental consequence to Plaintiff, the Court concludes the issue raised in Plaintiff's motion for partial summary judgment is purely legal and further concludes that no disputed facts exist concerning the limited issue raised by Plaintiff in her motion. The facts are admitted as set forth above by operation of LBR 7056-1(a)(3).

## DISCUSSION

From the docket of Defendant's bankruptcy case, the Court finds the following facts in addition to the facts stated by Plaintiff. Defendant filed his bankruptcy case on March 11, 2005. The Clerk's Office issued a § 341(a) meeting notice on March 1, 2005, scheduling the § 341(a)

meeting of creditors for April 28, 2005. Such notice did not set a claims bar date. Such notice stated: "Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So." Such notice did set June 27, 2005, as the deadline to file a complaint objecting to discharge or to determine the dischargeability of certain debts. On April 28, 2005, the appointed chapter 7 trustee filed a Report of No Distribution. The Court entered its Order of Discharge on June 28, 2005, and the Final Decree was entered on July 1, 2005.

The Court further finds that Defendant had an automatic child support deduction from his wages from the Stillwater Mining Co. in the monthly amount of $947.93. Defendant discloses his dissolution proceeding, DR01-501, District Court Yellowstone County, with Plaintiff in his Statement of Financial Affairs, question 4, and notes the status or disposition as "Satisfied." In question 16, of the Statement of Financial Affairs, he discloses Plaintiff's name. The matrix/mailing list does not include Plaintiff's name and the BNC notice of the § 341(a) meeting does not include Plaintiff's name. Plaintiff is not listed in any of the filed Schedules.

Section 727(b)[1] provides that

[e]xcept as provided in section 523 of this title, a discharge under section (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title and whether or not a claim based on any such debt or liability is allowed under section 502 of the title.

Section 523(a)(3) provides that

(a) A discharge under section 727, . . . of this title does not discharge an

---

[1] The statutory provisions cited in this memorandum are the enacted provisions in effect prior to any amendments made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

individual debtor from any debt–

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Section 523(c)(1) provides:

c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15) as the case may be, of subsection (a) of this section.

FED. R. BANKR. P 4007(c) provides that a complaint to determine dischargeability of a debt under § 523(c) must be filed within 60 days after the first date set for the meeting of creditors required under § 341(a).

The issue to be decided in this pre-Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") adversary proceeding and through Plaintiff's motion is whether this Court should insert § 523(a)(15) into § 523(a)(3)(B) when Congress failed to do so in its 1994 amendments to the bankruptcy code, even though it added § 523(a)(15) to § 523(c).

A leading treatise, COLLIER ON BANKRUPTCY, comments that the omission of §

523(a)(15) from §523(a)(3)(B) was inadvertent, but cites no independent authority for that conclusion. *See* 4 COLLIER ON BANKRUPTCY, ¶ 523.09[1] n. 2 (15th ed. rev.). Plaintiff cites to two cases, *In re Cates*, 183 B.R. 723 (Bankr. M.D.N.C. 1995) and *In re Serge*, 285 B.R. 632 (Bankr. M.D.N.C. 2002), as supporting her position that (a)(15) should be included in § 523(a)(3)(B) with (a)(2), (4) and (6). However, this Court in reviewing Judge Stocks's decisions in *Cates* and *Serge*, finds that he includes (a)(15) in § 523(a)(3)(B) without any analysis given the Congressional omission through the 1994 amendment. In both cases, Judge Stocks states as to a no-asset no-bar-date case the following:

> [s]ince the present case is a no-asset Chapter 7 case the indebtedness that the Debtor seeks to add to the schedules is already discharged even though such debt was not listed or scheduled, unless the debt falls within § 523(a)(3)(B) or one of the other exceptions to discharge set forth in § 523(a). . . . Section 523(a)(3)(B) is applicable where a debt of the type described in subsections (2), (4) and (6) of § 523(a) was neither listed or scheduled in time to permit the timely filing of a proof of claim and complaint to determine dischargeability, and the creditor did not know about the case within that time. . . . Again, however, whether the claim is added to the schedules has no effect upon the dischargeability of the claim under § 523(a)(2), (4), (6) or (15). Reopening a case to list a creditor will not extend the time to file complaints to determine dischargeability under these subsections of § 523(a), nor will reopening render a nondischargeable claim dischargeable. Either the unlisted creditor had actual, timely notice of the case or it did not. If the unlisted creditor had such notice and failed to file a timely complaint to determine dischargeability pursuant to subsections (2), (4), (6) or (15) of § 523(a), then the claim is discharged. On the other hand, if the unlisted creditor did not have such notice and the claim is one which is nondischargeable under § 523(a), then the claim is not discharged. However, reopening the case and amending the schedules after the case has been closed does not change the situation regarding dischargeability one iota.

*Cates* 183 B.R. at 725; *Serge*, 285 B.R. at 634. This Court concludes that (a)(15) is merely included in § 523(a)(3)(B) by Judge Stocks without analysis when he considered a distinguishable issue as to whether Debtors should be able to reopen a case to amend schedules

9

to subject a creditor's debt to the discharge already granted in a chapter 7 no asset, no bar date case. Whether Judge Stocks included or excluded (a)(15) from his analysis makes no difference in the holding contained in his decision, and therefore provides no authority for Plaintiff's argument.

The Supreme Court in *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct 1023 (2004) stated the general rule of statutory construction as follows:

> [t]he starting point in discerning congressional intent is the existing statutory test . . . and not the predecessor statutes. It is well established that when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.

Based upon the foregoing rule, this Court concludes that not inserting (a)(15) into § 523(a)(3)(B) does not render an absurd result. The distinctive issue involves whether or not this case is a no asset no bar date case. If the case, *sub judice*, were an asset case without notice to Plaintiff, then Plaintiff's debt would be nondischargeable under either § 523(a)(3)(A) or (a)(3)(B). As this case is a no asset case, Plaintiff's property settlement debt arising under (a)(15) is covered by § 523(a)(3)(A) and not §523(a)(3)(B), by the specific statutory language contained therein even though (a)(15) is included in §523(c)(1). In a no asset no bar date chapter 7 case, a 9th Circuit panel issued a per curiam opinion that stated: "If the omitted debt is of a type covered by 11 U.S.C. § 523(a)(3)(A), it has already been discharged pursuant to 11 U.S.C. § 727. If the debt is of the type covered by 11 U.S.C. § 523(a)(3)(B), it has not been discharged, and is non-dischargeable." *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1434 (9th Cir. 1992). Plaintiff's debt has been discharged.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) to determine the dischargeability of Plaintiff's debt involving a property settlement obligation in a pre-BAPCPA bankruptcy case.

3. The Plaintiff satisfied her burden of showing that no genuine issues of material fact exist as to the issue involved in her motion for partial summary judgment and Defendant has not raised any issues of fact as to the specific currently before the court.

4. The omission by Congress of 11 U.S.C. § 523(a)(15), contained in § 523(c), from § 523(a)(3)(B) does not raise an absurd result in a no asset, no bar date chapter 7 case and the plain language rule of statutory construction precludes this Court from reading § 523(a)(15) into 11 U.S.C. § 523(a)(3)(B).

**IT IS ORDERED** a separate Order shall be entered in accordance with the above, denying Plaintiff's motion for partial summary judgment (Docket No. 13), and ordering Judgment entered against Plaintiff and in favor of Defendant, wherein Plaintiff's adversary proceeding complaint is dismissed, with the parties to bear their own attorneys' fees and costs.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana